UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL EDWARDS, | : | |
|     Petitioner | : | |
| | : | PRISONER |
| v. | : | NO.  3:05CV444 (MRK) |
| | : | |
| W. CHOINSKI, | : | |
|     Respondent | : | |

### RULING AND ORDER

*Pro se* petitioner Michael Edwards is currently an inmate at the Northern Correctional Institution in Somers, Connecticut.  He brings this petition for a writ of habeas corpus [doc. #1] pursuant to 28 U.S.C. § 2254, challenging his May 1996 state court conviction for murder.  For the reasons set forth below, the petition [doc. #1] is DISMISSED without prejudice.

### I.

In May 1996, in the Connecticut Superior Court for the Judicial District of Hartford, a jury convicted Mr. Edwards of murder and acquitted him of two weapons charges, *see State v. Edwards*, 247 Conn. 318, 319-20 (1998) (*Edwards I*), and the court sentenced him fifty years of imprisonment, *see Edwards v. Warden,* No. CV 990423254S, 2003 WL 23191955, at *1 (Conn. Super. Ct. Dec. 29, 2003) (*Edwards II*). The Connecticut Supreme Court affirmed the conviction on December 22, 1998. *See Edwards I*, 247 Conn. at 330.

In March 1999, Mr. Edwards filed a petition for writ of habeas corpus in state court, raising four claims, only the first of which bears on the current petition. The first count of Mr. Edwards' state habeas petition was styled as a claim of ineffective assistance of counsel based on nine separate grounds, including failure of defense counsel: to conduct an adequate pretrial investigation; adequately to advise Mr. Edwards on the plea agreement; or to object to a line of questioning about

incriminating remarks allegedly made by Mr. Edwards to a party not presented as a witness in court. *See Edwards II*, 2003 WL 23191955, at *1.

While his state habeas petition was still pending Mr. Edwards filed in this Court a petition for a writ of habeas corpus raising the same claims as his state petition. The Court denied that petition without prejudice for failure to exhaust state court remedies, *see Edwards v. Warden Wezner*, No. 3:99cv754 (DJS) (D. Conn. Nov. 12, 1999), and Mr. Edwards did not appeal.

On December 29, 2003, the Connecticut Superior Court denied Mr. Edwards' state habeas petition, *see Edwards II*, 2003 WL 23191955, at *7. On January 9, 2004, Mr. Edwards filed with this Court a second petition for a writ of habeas corpus, claiming ineffective assistance of counsel and denial of his Sixth Amendment Confrontation Clause rights. *See Edwards v. Dzurenea*, No. 3:04cv38 (PCD) (D. Conn. Sept. 30, 2004). That petition was also denied without prejudice for failure to exhaust state court remedies on September 30, 2004. *Id*.

On February 15, 2005, the Connecticut Appellate Court affirmed the decision of the trial court on Mr. Edwards' state habeas petition, *see Edwards v. Commissioner of Correction*, 87 Conn. App. 517 (2005). Mr. Edwards did not file a petition for certification appealing the denial of his state habeas petition to the Connecticut Supreme Court. Instead, Mr. Edwards submitted his third habeas petition in this Court; the petition is dated February 24, 2005 and was received by the Court on March 11, 2005.

## II.

In order for a federal court to consider the merits of a petition for a writ of habeas corpus challenging a judgment of conviction imposed by a state court, the habeas petitioner must satisfy two procedural requirements. First, the petitioner must file the petition within the time limit set by the

2

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), which amended 28 U.S.C. § 2244(d)(1) to require that such petitions be filed within one year of the latest of the following events:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d). The Second Circuit has held that the one year statute of limitations period imposed by AEDPA for filing a federal habeas petition does not begin until the completion of direct appellate review in the state courts and either the denial of a petition for certiorari by the United States Supreme Court or the expiration of the time within which to file a petition for a writ of certiorari. *See Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001). The limitations period is tolled by the filing of a state habeas petition, but not by the filing of a federal habeas petition. *See* 28 U.S.C. § 2244(d)(2) (statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending"); *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (properly filed federal habeas petition does not toll the limitations period under 28 U.S. § 2244(d)(2)).

Second, a petitioner seeking federal habeas review generally must exhaust all available state remedies prior to filing a habeas petition in federal court. *See* 28 U.S.C. § 2254(b)(1)(A); *Galdamez v. Keane*, 394 F.3d 68, 73 (2d Cir. 2005) (Exhaustion of all available state remedies is a prerequisite to habeas relief). Exhaustion of state remedies means that "a petitioner must present the substance

of the same federal constitutional claims that he now urges upon the federal courts to the highest court in the pertinent state." *Aparicio v. Artuz* 269 F.3d 78, 89-90 (2d Cir. 2001) (internal quotation marks and citations omitted). The claims may be presented either on direct review or through state post-conviction proceedings; "a prisoner does not have 'to ask the state for collateral relief, based on the same evidence and issues already decided by direct review.' " *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (quoting *Brown v. Allen*, 344 U.S. 443, 447 (1953)). However, review in the highest court must be sought, even if such review is discretionary and unlikely to be granted, because petitioners must "give the state courts one full opportunity to resolve any constitutional issues by invoking one *complete* round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845 (emphasis added). Furthermore, if a petitioner fails to seek state review within the time allotted by state law, or otherwise procedurally defaults her federal claims, those claims are also deemed procedurally defaulted for the purposes of federal habeas review, unless the petitioner can either show cause for, and prejudice from, the default, or demonstrate that failure to consider the claim will result in a miscarriage of justice because she is actually innocent. *See, e.g.*, *Dretke v. Haley*, 541 U.S. 386, 388 (2004).

Although the exhaustion requirement is often difficult for *pro se* petitioners to navigate, it is not intended to block access to the federal courts. Rather, it is intended to, and does, pay due respect to the federalist principles of our Constitution, by giving state courts an opportunity to correct any constitutional errors that may have crept into the state criminal process. *See Wilwording v. Swenson*, 404 U.S. 249, 250 (1971) (per curiam).

### III.

A review of Mr. Edwards' petition reveals that it contains one exhausted claim, one

potentially procedurally defaulted claim, and several unexhausted claims. Although Mr. Edwards' petition recites four grounds for review, a couple of the grounds contain compound claims. For the sake of clarity, the Court will split those claims into subsections, though Mr. Edwards does not use subsections in his petition. The claims in Mr. Edwards' petition are as follows:

1. Violation of the Confrontation Clause arising from: (a) the prosecutor having questioned Mr. Edwards about incriminating remarks that Mr. Edwards allegedly made to a party not presented as a witness in court; and (b) the failure of defense counsel to object to this line of questioning;

2. Violation of the Confrontation Clause arising from the jurors having been allowed to consider the incriminating line of questioning objected to in the first count of the petition;

3. Ineffective assistance of counsel based on defense counsel's failure to: (a) conduct a pretrial investigation into an individual to whom the State claimed that Mr. Edwards had made incriminating remarks; and (b) object to the line of questioning recounted in the first count of the petition; and

4. Violation of due process arising from the inadequacy of the evidence to prove beyond a reasonable doubt that Mr. Edwards intended to cause the death of the victim.

None of the Confrontation Clause arguments set forth in the first and second categories of claims listed above was raised by Mr. Edwards on direct appeal or in his state habeas petition. The Confrontation Clause claims are therefore unexhausted and cannot be considered by this Court at this time.

Regarding Mr. Edwards' third category of claims, for ineffective assistance of counsel, sub-

claim (a) – based on defense counsel's failure to conduct a pretrial investigation into an individual to whom the State claimed that Mr. Edwards had made incriminating remarks – was raised in the state habeas petition and on appeal to the Connecticut Appellate Court. However, Mr. Edwards did not pursue that claim further to the Connecticut Supreme Court even though he had the right to seek certification from that court. The time for Mr. Edwards to apply to Connecticut Supreme Court on this claim expired on March 7, 2005. Therefore, it would appear that this claim has been procedurally defaulted. However, based on the record before it, the Court is unable to assess whether good cause or prejudice exists, and therefore declines to decide at this time whether this claim is procedurally barred. Mr. Edwards is put on notice, however, that if he decides to reassert this claim in a subsequent petition, he will be required either to make a showing of cause for failing to pursue the claim to the Connecticut Supreme Court and actual prejudice from the default, or to demonstrate that failure to consider the claim will result in a miscarriage of justice because he is actually innocent.

Mr. Edwards' second ground for alleging ineffective assistance of counsel – namely, the failure of counsel to object to the State's questions about incriminating remarks allegedly made to an individual not produced as a witness – was also raised in the state habeas petition in the trial court, but Mr. Edwards' counsel apparently withdrew that claim during oral argument before the Connecticut Appellate Court. *See Edwards v. Commissioner of Correction*, 87 Conn. App. 517, 518 n.1 (2005). Therefore, this claim has not been fairly presented to Connecticut's highest court, and is unexhausted.

Turning to the fourth category of Mr. Edwards' claims – respecting the sufficiency of the evidence of his intent to kill – Mr. Edwards raised this claim on direct appeal of his conviction to

the Connecticut Supreme Court, and it is therefore properly exhausted. Thus, it is apparent that Mr. Edwards has presented this Court with a mixed petition containing both exhausted and unexhausted claims.

Traditionally, a mixed petition was dismissed without prejudice to refiling after the petitioner had exhausted all claims. *See Slack v. McDaniel*, 529 U.S. 473, 486 (2000) (citing *Rose v. Lundy*, 455 U.S. 509, 510 (1982)). However, the interplay of *Lundy*'s requirement of total exhaustion with AEDPA's one year statute of limitations created the risk that some petitioners would forever lose the opportunity to have a federal court review the claims originally presented in a mixed petition. Addressing this problem, the Second Circuit held that, where dismissal would preclude a petitioner from having all her claims addressed by a federal court, a district court had discretion to "dismiss only unexhausted claims and stay proceedings as to the balance of the petition, . . . condition[ing] the stay on the petitioner's initiation of exhaustion within a limited period, normally 30 days." *See Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001).

In March 2005, the Supreme Court endorsed a "stay and abeyance" procedure similar to the one set forth by the Second Circuit in *Zarvela*, but stated that the procedure "should be available only in limited circumstances." *Rhines v. Weber*, 125 S.Ct. 1528, 1535 (2005). According to the Supreme Court, the exercise of discretion to stay proceedings as to the exhausted claims of a petition is appropriate when "there [i]s good cause for the petitioner's failure to exhaust his claims first in state court," the unexhausted claims are not "plainly meritless," and petitioner is not engaging "in abusive litigation tactics or intentional delay." *Id*. at 1535. The Supreme Court also endorsed *Zarvela*'s recommendation that district courts " 'should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered and returning

to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed.' " *Id.* (quoting *Zarvela*, 254 F.3d at 381). Because Mr. Edwards has submitted a mixed petition, the Court must decide whether to dismiss the petition in its entirety, or dismiss only the unexhausted claims, and stay proceedings on the single exhausted claim while Mr. Edwards seeks further review of the unexhausted claims in state court. For the reasons explained below, the Court concludes that it must dismiss the petition in its entirety.

Mr. Edwards' state habeas petition became final on March 7, 2005, at the expiration of the twenty-day period within which Mr. Edwards could have filed a petition for certification to the Connecticut Supreme Court. *See* Conn. R. App. P. § 84-4(a) (providing that a petition for certification to appeal a decision of the Connecticut Appellate Court shall be filed within twenty days from the date the decision is issued or officially released). The present petition was filed on February 24, 2005, the day that Mr. Edwards presumably handed his habeas petition to prison officials for mailing to this Court. *See Noble v. Kelly*, 246 F.3d 93, 97 (2d Cir.) (extending prisoner mailbox rule to pro se habeas corpus petitions). At that time, none of AEDPA's one year time limit for obtaining federal habeas review had elapsed, because the pendency of Mr. Edwards' state habeas proceedings tolled the statute of limitations. However, the filing of a federal habeas petition does not toll the running of the one-year limitations period, and approximately nine months will have elapsed by the time that this decision issues. Therefore, when Mr. Edwards receives notice of this decision, approximately three months will remain on the AEDPA clock.

In order to obtain federal review of his habeas claims on the merits, Mr. Edwards must return to state court and seek review of his unexhausted claims. Once he initiates such state court proceedings, the AEDPA clock will once again be tolled, and upon completion of those proceedings,

he will have some portion of that three months to re-file this petition in federal court. The three months remaining to Mr. Edwards is three times as long as the 30-day period that *Zarvela* and *Rhines* believed was sufficient for a prisoner to initiate state court proceedings on unexhausted claims. Therefore, this Court concludes that were it now to dismiss the petition without prejudice to re-filing, Mr. Edwards would not be placed in danger of violating AEDPA's one-year limitations period and forever losing the opportunity for federal review of his claims. Accordingly, a stay is not warranted in this action.

Furthermore, the Court notes that Mr. Edwards has not demonstrated good cause for his failure to exhaust his state court remedies prior to filing this action. The Court understands the difficulties confronting *pro se* plaintiffs in general, and prisoner petitioners in particular, but must note that the Court has informed Mr. Edwards on two prior occasions of the need to exhaust all available state court remedies prior to filing a habeas petition in federal court. Nonetheless, Mr. Edwards has filed a third petition containing unexhausted claims without establishing good cause for his failure to pursue state remedies. For this reason also, the Court must conclude that dismissal without prejudice rather than a stay is the appropriate course in this case. *See Rhines*, 125 S. Ct. at 1535.

For the reasons explained above, the Court will dismiss Mr. Edwards' habeas petition. Mr. Edwards may file a new petition only after he has fully exhausted all available state court remedies as to his Confrontation Clause arguments and his second claim of ineffective assistance of counsel, based on counsel's failure to object to a line of questioning about incriminating remarks made to a party not presented as a witness.

**Mr. Edwards is reminded that he must seek further review of his unexhausted claims**

in state court very swiftly, in order to toll the AEDPA statute of limitations, because he only has three months left remaining under that statute of limitations. Alternatively, Mr. Edwards may choose to withdraw the unexhausted claims from his federal petition and proceed only as to exhausted claim in federal court, while seeking review of the unexhausted claims in state court. In that case, Mr. Edwards must file a motion to reopen accompanied by an amended petition including only the exhausted claim for relief. However, the Court warns Mr. Edwards that if he withdraws the unexhausted claims and proceeds only as to the exhausted claim, with the intention of raising the unexhausted claims after they have been exhausted in state court, he runs the risk that a subsequent federal petition containing those claims may be dismissed as a second or successive petition. *See* 28 U.S.C. § 2244(b). That is, if Mr. Edwards chooses to reopen this proceeding by pursuing only his exhausted claim, he may well find out later that he is unable to pursue his other claims in federal court. In addition, if Mr. Edwards includes in any future federal habeas petition his claim as to defense counsel's failure to conduct an adequate pretrial investigation, he will be required to show cause for and prejudice from the failure to pursue it in a timely fashion at the Connecticut Supreme Court.

### IV.

For the foregoing reasons, the Petition for Writ of Habeas Corpus [doc. #1] is DISMISSED without prejudice, and all pending motions [docs. ## 5, 6, 8] are DENIED. Further, a certificate of appealability will not issue because the petition is dismissed on the basis of a plain procedural bar and no reasonable jurist could conclude that the petitioner has exhausted his state court remedies as to all claims in the petition, or that the petitioner should be permitted to proceed further. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**The Clerk is directed to close this file.**

                                                            IT IS SO ORDERED.

                                            /s/      Mark R. Kravitz
                                                United States District Judge

**Dated at New Haven, Connecticut: December 3, 2005.**